OSCN Found Document:ST. ANTHONY, et al., v. GOODWIN and the WORKERS COMPENSATION COMMISSION

 

 
 ST. ANTHONY, et al., v. GOODWIN and the WORKERS COMPENSATION COMMISSION2026 OK 3Case Number: 121192Decided: 02/03/2026THE SUPREME COURT OF THE STATE OF OKLAHOMA
Cite as: 2026 OK 3, __ P.3d __

 
NOTICE: THIS OPINION HAS NOT BEEN RELEASED FOR PUBLICATION. UNTIL RELEASED, IT IS SUBJECT TO REVISION OR WITHDRAWAL. 

ST. ANTHONY SOUTH BEHAVIORAL HEALTH AND SSM HEALTH CARE CORP. (OWN RISK)
Petitioners,
v.
MONICA MORENO GOODWIN and THE WORKERS' COMPENSATION COMMISSION,
Respondents.

ON CERTIORARI TO THE COURT OF CIVIL APPEALS, DIVISION III

¶0 This appeal concerns the change of treating physician provision in the Administrative Workers' Compensation Act.

CERTIORARI PREVIOUSLY GRANTED;
ORDER OF COURT OF CIVIL APPEALS IS VACATED;
ORDER OF THE WORKERS' COMPENSATION COMMISSION IS AFFIRMED.

John S. Oldfield, Oklahoma City, Oklahoma, for Petitioners.

Laura Beth Murphy and Bob Burke, Oklahoma City, Oklahoma, for Respondents.

KANE, J.:

¶1 The issue is whether ordering more than one change of treating physician per claim violated 85A O.S.Supp.2013 § 56

FACTS AND PROCEDURAL HISTORY

¶2 Respondent Monica Moreno Goodwin (Claimant) was injured by a patient while working as a mental health technician for Petitioner Saint Anthony South Behavioral Health (Employer) on March 10, 2017. Employer admitted compensable injuries to Claimant's right shoulder and neck and selected Dr. Knutson as the treating physician. On May 24, 2018, Claimant filed a workers' compensation claim alleging injuries to her neck and right shoulder. She amended her claim several times adding various body parts. On October 2, 2018, Claimant amended her claim to add a consequential injury to her right arm. Employer denied a work-related or consequential injury to the right arm.

¶3 On June 6, 2019, the Administrative Law Judge (ALJ) appointed Dr. Hitt as an Independent Medical Examiner (IME) to determine the cause of Claimant's right arm complaints. 

¶4 Employer selected Dr. Nelson as the treating physician for Claimant's right arm. Dr. Nelson diagnosed cubital tunnel syndrome, but, after referring Claimant for diagnostic testing, he determined no treatment was necessary and released Claimant to maximum medical improvement on November 3, 2021. On April 12, 2022, Claimant filed a motion to enforce the ALJ's August 19, 2021 order to provide medical treatment to the right arm. Claimant also filed a CC-Form-A application for change of treating physician for her right arm on May 10, 2022.

¶5 Both matters were heard by the ALJ on August 25, 2022. Claimant asserted that the IME Dr. Hitt had recommended surgery for cubital tunnel syndrome, and her treating physician Dr. Nelson had refused to provide the necessary medical treatment. 85A O.S.Supp.2013 § 56

¶6 The ALJ concluded that "Claimant is entitled to a Form A physician pursuant to 85A O.S. § 56

STANDARD OF REVIEW

¶7 The Supreme Court may modify, reverse, remand for rehearing, or set aside the Commission's decision if it is affected by an error of law. See 85A O.S.Supp.2013 § 7885A O.S.Supp.2013 § 56de novo. See Legarde-Bober v. Okla. State Univ., 2016 OK 78378 P.3d 562Patterson v. Sue Estell Trucking Co., 2004 OK 6695 P.3d 1087Id.

ANALYSIS

¶8 The fundamental purpose of statutory construction is to ascertain and give effect to the intent of the Legislature. See Rickard v. Coulimore, 2022 OK 9505 P.3d 920 To do this, we first look to the language of the statute. Id. If the statutory language is clear and unambiguous, this Court must apply the plain and ordinary meaning of the words. Id.; 25 O.S.2011 § 1See Thurston v. State Farm Mut. Auto. Ins. Co., 2020 OK 105478 P.3d 415Heath v. Guardian Interlock Network, Inc., 2016 OK 18369 P.3d 374See Rickard, 2022 OK 9

¶9 Section 56(B) provides:

If the employer is not covered by a certified workplace medical plan, the employer shall select the treating physician. The Commission on application of the employee shall order one change of treating physician. Upon the Commission's granting of the application, the employer shall provide a list of three physicians from whom the employee may select the replacement.

85A O.S.Supp.2013 § 56

¶10 The text of 85A O.S.Supp.2013 § 56See 85A O.S.Supp.2013 § 27see also Robinson v. Fairview Fellowship Home for Senior Citizens, Inc., 2016 OK 42371 P.3d 477exercise discretion of a judicial nature in connection with and incidental to the administration of matters entrusted to or assigned to the officers or board.") (footnote omitted) (emphasis original). An ALJ's order on an additional change of treating physician may be appealed like any other. See 85A O.S. § 7885A O.S. § 78

CONCLUSION

¶11 The Commission's decision to order the change of treating physician for Claimant's right arm is not affected by an error of law. Employer has not shown the Commission's decision was clearly erroneous in view of the reliable, material, probative and substantial competent evidence or that it was arbitrary or capricious.

CERTIORARI PREVIOUSLY GRANTED;
ORDER OF COURT OF CIVIL APPEALS IS VACATED;
ORDER OF THE WORKERS' COMPENSATION COMMISSION IS AFFIRMED.

CONCUR: Edmondson, Combs, Gurich, Darby, Kane and Jett, JJ.

DISSENT: Rowe, C.J. and Kuehn, V.C.J.

NOT PARTICIPATING: Winchester, J.

FOOTNOTES

See 85A O.S.Supp.2020 § 56(B).

An administrative law judge may appoint an independent medical examiner to assist in determining any issue before the Commission. In the event surgery is recommended by a treating physician, upon request of the employer, an independent medical examiner shall be appointed to determine the reasonableness and necessity of the recommended surgery. Such independent medical examiner shall be qualified to perform the type of surgery recommended.

85A O.S.Supp.2013 § 112

After a physical examination and review of medical records and other appropriate information, including depositions and surveillance video, the independent medical examiner shall submit a verified written report to the Commission and to the parties. In the event the independent medical examiner determines that more medical treatment is necessary, the employer shall designate a treating physician to provide the indicated treatment.

85A O.S.Supp.2013 § 112

The Supreme Court may modify, reverse, remand for rehearing, or set aside the judgment or award only if it was:

1. In violation of constitutional provisions;

2. In excess of the statutory authority or jurisdiction of the Commission;

3. Made on unlawful procedure;

4. Affected by other error of law;

5. Clearly erroneous in view of the reliable, material, probative and substantial competent evidence;

6. Arbitrary or capricious;

7. Procured by fraud; or

8. Missing findings of fact on issues essential to the decision.

85A O.S.Supp.2013 § 78

See 85A O.S.Supp.2013 §§ 71Brown v. Claims Mgmt. Res., 2017 OK 13391 P.3d 111

Where the employee is not covered by a certified workplace medical plan, the employer shall select the treating physician as provided in subsection A of this section. The Court on application of the employee shall order one change of treating physician for any affected body part. If the employer objects, the Court shall set the request for change of treating physician for hearing within ten (10) days. Provided, that no change of treating physician can be authorized for a part of the body if no authorized medical care has been provided for that part of the body for one hundred eighty (180) days prior to the date of the filing of the application for change of treating physician. Provided further, regardless of the number of parts of the body injured, a maximum of two (2) changes of physician may be allowed in a claim. In the event the employee makes application for such a change, the employee shall list on such application three (3) proposed physicians who are qualified to treat the body part affected. The employer may agree to one of the physicians listed by the employee or submit its own list of three (3) physicians. If the employer and employee do not agree on the physician, the Court may select a physician who is qualified to treat the body part affected and who can see the employee within a reasonable time, with preference given to physicians who are qualified independent medical examiners.

85 O.S.2011 § 326See 85A O.S.Supp.2013 § 56

The Court of Civil Appeals' reliance on Small v. Applied Home Solutions, 2013 OK CIV APP 69362 P.3d 660Small interpreted the change of treating physician provisions in the Workers' Compensation Code, which does not apply here. As demonstrated above, the language in 85A O.S.Supp.2013 § 5685 O.S.2011 § 326Small's interpretation of 85 O.S. § 326(E) when it repealed and replaced the law in 2013. The entire Workers' Compensation Code, including 85 O.S. § 326Small.